IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY SMITH,<br><br>　　　　Plaintiff<br><br>v.<br><br>DOUGLAS PERRY,<br>Teacher<br>Philipsburg-Osceola Senior High School<br>502 Philips St., Philipsburg, PA 16866<br><br>　　　　Defendant. | 4: 09-CV- 650<br><br>C.A. NO. 02-6000<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

I.  Jurisdiction

　　1.　The Court's jurisdiction to hear this civil rights action derives from 28 U.S.C. Section 1343 inasmuch as it alleges a violation of substantive due process under the Fourteenth Amendment to the United States Constitution. This Court has supplemental jurisdiction to hear the plaintiff's state claims under 28 U.S.C. Section 1367(a).

II.  Parties

　　2.　The plaintiff, Bradley Smith, is an adult resident of Centre County, Pennsylvania. He was a senior at Philipsburg-Osceola High School in Centre County and a minor when the events that underpin litigation occurred.

3. The defendant, Douglas Perry, is an adult who at all relevant times was employed by the Philipsburg-Osceola Senior High School in Centre County, Pennsylvania. Perry was the head coach of the high school's track team at the time the events giving rise to this action occurred. Perry is sued in his individual capacity.

III. Facts

4. On April 25, 2007, Bradley Smith was a member of the Philipsburg-Osceola High School track team.

5. He attended track practice that day in the school's wrestling room under the supervision of Coach Perry.

6. Perry ordered the track team members, including Bradley Smith, to do stretching exercises.

7. The stretching exercises required the team members to lie facedown on their stomachs.

8. While Bradley Smith was lying on his stomach, Perry came up from behind him, stepped on his back, and proceeded to jump up and down.

9. Bradley Smith asked Coach Perry to get off of his back while this was occurring.

10. Perry initially removed his feet from Bradley Smith's back.

11. Soon after removing his feet from Smith's back, however, Perry resumed jumping on it.

12. In the course of the second incident, Smith heard a crack in his back and felt excruciating pain.

13. The pain was so intense, Smith quit practice, dressed, and went home.

14. As a result of the unprovoked assault, Smith has had recurring, severe and debilitating pain in his back and neck areas and may be permanently disabled.

15. As a result of Perry's assault, Smith suffered a fractured L5 vertebra and underwent back surgery on November 19, 2008. That surgery included a fusion of three vertebrae and replacement of discs.

16. As a result of Perry's assault, Smith has been hospitalized, forced to use a walker and crutches, still uses a brace, and has no feeling in his left foot.

17. As a result of Perry's assault, Smith now walks with a limp, is in constant pain, and has a dropped left foot.

18. As a result of Perry's assault, Smith continues to suffer from a lack of range of mobility in his back, cannot bend over and/or engage in any physical activity, other than walking for a limited period of time.

19. As a result of Perry's assault, Smith has experienced both intense physical and emotional pain and suffering.

20. When jumping on Bradley Smith's back, Coach Perry knew that Smith had suffered a back injury the previous year.

21. When jumping on Smith's back, Perry knew that Smith's back was in a compromised condition and susceptible to serious injury if stepped or jumped on.

22. Perry had no legitimate pedagogical or other valid school/education-related reason for jumping on Smith's back.

23. Perry's repeated assaults were sadistic and shocking to the conscience.

24. Coach Perry acted under color of state law within the meaning of Section 1983 when engaging in the behavior described above.

IV. Causes of Action

### First Cause of Action – Violation of Due Process

25. The acts described above violated the substantive due process component of the Fourteenth Amendment to the United States Constitution.

### Second Cause of Action – Willful Misconduct

26. Defendant's actions as described above constitute willful misconduct under 42 Pa.C.S.A. § 8550

27. As a result of defendant's willful misconduct, plaintiff sustained severe and permanent injuries and endures chronic pain and suffering.

V. Relief

On the basis of the foregoing, Bradley Smith requests the following:

    a. an award of compensatory and punitive damages;

    b. the costs, expenses and attorney's fees generated by the prosecution of this action;

    c. all other relief warranted under the facts of this case.

Respectfully Submitted,

DATE: April 9, 2009

/s/ Andrew J. Shubin
Andrew J. Shubin
ID #63263
215 East Beaver Avenue
State College, PA 16801
(814) 867-3115

*Attorney for Plaintiff*

4